UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

NORMAN KLEIN, THOMAS GEORGE NELL,
TSIU VINCENT MATSEPE, JAYANT DAJI PEMA,
JEFFREY SIPHIWE HLATSHWAYO, DIMAKATSO
ARNOLD MICHAEL MOHASOA, AND ZEENATH
KAJEE, as Liquidators of CONSANI ENGINEERING
(PROPRIETARY) LTD. in Liquidation,

                       Plaintiff,

          -against-

EXSIF WORLDWIDE, INC.,

                  Defendant.

-------------------------------------------------------x

**JUDGE ROBINSON**

**07 CV 10485**

_____ Civ. _____

COMPLAINT


NOV 2 0 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Norman Klein, Thomas George Nell, Tsiu Vincent Matsepe, Jayant Daji Pema, Jeffrey

Siphiwe Hlatshwayo, Dimakatso Arnold Michael Mohasoa, and Zeenath Kajee, as

Liquidators (together referred to as "Liquidators") of Consani Engineering (Proprietary) Ltd.

in Liquidation ("Consani"), by their attorneys, Duane Morris LLP, for their complaint against

defendant allege as follows:

<u>NATURE OF THE CASE</u>

      1.     This is an action to recover $1,489,497.68 plus interest due for the sale of 45

tank containers and other items of equipment that defendant Exsif Worldwide, Inc. ("Exsif")

purchased from Consani pursuant to a Master Purchase Order Agreement dated December 11,

1995 (the "Agreement"). Although Exsif accepted delivery of the tanks and other equipment,

it failed to make full payment within 30 days following the end of the month in which it

accepted delivery, as required by the terms of the Agreement.

DM1\1201292.2

## THE PARTIES

2.      At all relevant times, Consani was a corporation organized and existing under the laws of South Africa with its principal place of business at Elsies River, South Africa. Until 2005, Consani was in the business of manufacturing and selling tank containers used to transport liquid and gas, and was among the largest tank container manufacturers in the world.

3.      Consani was placed in liquidation in early 2005 and, on March 22, 2005, the Liquidators were appointed by the High Court of South Africa to serve as Consani's liquidators. (A true and correct copy of the Certificate of Appointment of Liquidators, dated March 22, 2005, is annexed as Exhibit A hereto.) By virtue of their appointment as Consani's liquidators, the Liquidators have the authority to bring this action on behalf of Consani to recover amounts due Consani.

4.      Upon information and belief, Exsif is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 100 Manhattanville Road, Purchase, New York 10877-2135.

5.      Upon information and belief, pursuant to an agreement entered into in or around September 2000, Exsif purchased the tank container leasing business of Transamerica Leasing, Inc. ("TAL") and acquired TAL's assets, including TAL's rights and obligations under the Agreement. Since that time, Exsif has represented that it is TAL's successor under the Agreement.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(2) in that the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) in that Exsif resides in this District and is subject to personal jurisdiction here.  Moreover, in paragraph 25 of the Agreement, Exsif agreed that any claim or controversy arising out of or relating to the Agreement may be litigated in the state and federal courts of New York.

BACKGROUND

A.    The Agreement

8.    Exsif is among the world's largest tank container leasing companies.

9.    Following Exsif's acquisition of TAL's assets in 2000, Exsif purported to be TAL's successor under the Agreement, and it exercised TAL's rights under the Agreement, including TAL's right to purchase tank containers and related equipment from Consani under the Agreement.

10.    The Agreement set forth the terms and conditions under which Consani sold, and TAL or Exsif, as TAL's successor, purchased, tank containers and other items of equipment.  (A true and correct copy of the Agreement is annexed hereto as Exhibit B.)

11.    Paragraph 2 of the Agreement is entitled "Prices" and states:

> Prices for specific Purchase Orders shall be set forth and agreed to in writing by Buyer and Seller.  Prices are fixed in U.S. dollars, unless otherwise agreed in writing.

12.    Paragraph 12 of the Agreement, entitled "Payment," provides, among other things:

> Payment will be made via wire transfer 30 days following the end of the month of clean acceptance by Buyer or as otherwise agreed in writing.  All amounts not paid when due shall bear interest at a rate two percentage points above LIBOR applicable from time to time.

13.    Paragraph 12(D) of the Agreement further provides as follows:

DM1\1201232.2

> Ten percent (10%) of each unit price invoices will be withheld
> at the time of payment (without interest) until receipt by Buyer
> of all necessary documents/approvals, drawings and
> specifications and TIR documents and type approval
> certificates. The withheld funds will be paid by wire transfer
> upon the receipt of the aforementioned documents by Buyer.

14.    In addition, Paragraph 24 of the Agreement provides that "[t]his Purchase Order is to be construed and interpreted according to the laws of the State of New York, except that Buyer and Seller agree that the United Nations Convention on the Sale of Goods shall not apply to this Purchase Order."

B.    Consani Delivered 45 Tank Containers
      For Which Exsif Failed to Pay

15.    From time to time following Exsif's purchase of TAL's assets, Exsif placed orders with Consani under the Agreement for tank containers and related equipment.

16.    Consani manufactured the tank containers and other equipment that Exsif ordered under the Agreement.

17.    Pursuant to Exsif's orders, Consani delivered 45 tank containers to Exsif in Rotterdam in or around April and May 2004, and Exsif accepted delivery of such tank containers.

18.    Between April 2004 and June 2004, Consani transmitted four invoices to Exsif seeking payment of a total of $1,196,910.00 for the 45 tank containers that Consani manufactured at Exsif's request and delivered to Exsif under the Agreement. (True and correct copies of the invoices are together annexed hereto as Exhibit C.)

19.    Although Exsif accepted delivery of the 45 tank containers, it has not paid any part of the $1,196,910 it owes Consani for them.

-4-

C.    Exsif Failed to Pay Consani the 10% Retainage It Withheld

20.    Between December 2003 and May 2004, Consani submitted 14 separate invoices to Exsif totaling $3,542,088.00 for tank containers and related equipment which Consani manufactured pursuant to orders placed by Exsif. (True and correct copies of these invoices are together annexed hereto as Exhibit D.)

21.    Exsif paid Consani 90% of the amount shown on such invoices. Under Paragraph 12(D) of the Agreement, Exsif was required to make payment of the remaining 10% of the amount of such invoices upon receipt of all necessary documents. Although Exsif has been provided with the requisite documents, it paid Consani only $79,794.00 and failed to pay Consani the remaining $274,414.80, which represents the unpaid balance of the 10% portion of the invoices withheld at the time of payment under Paragraph 12(D) of the Agreement.

D.    Exsif Failed to Pay Consani Additional Amounts

22.    In 2004, Exsif agreed to pay Consani for certain design changes and additional materials related to the tank containers that Exsif purchased from Consani. The cost of these additional materials is reflected on three invoices which total $20,152.88. (True and correct copies of the invoices are together annexed hereto as Exhibit E.)

23.    Although Exsif accepted the additional materials and received Consani's invoices therefor, it paid Consani only $1,980.00 of the $20,152.88 it owed, and it failed to pay Consani the remaining $18,172.88 which it was obligated to pay.

FIRST CLAIM FOR RELIEF
(Breach of Contract)

24.    The Liquidators repeat and reallege the allegations of Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25.    Under the terms of the Agreement, Exsif was obligated to pay Consani (a) $1,196,910.00 for 45 tankers which Exsif accepted in 2004; (b) $274,414.80 which represents the unpaid balance of the 10% portion of the purchase price withheld at the time of payment for tank containers and related equipment delivered in 2003 and 2004; and (c) $18,172.88 for design changes and other materials.

26.    Exsif failed to pay Consani a total of $1,489,497.68 which it was obligated to pay under the terms of the Agreement.

27.    By reason of the foregoing, Exsif breached the Agreement and is liable to the Liquidators for damages in the amount of $1,489,497.68, together with interest at the applicable LIBOR rate plus two percent.

## SECOND CLAIM FOR RELIEF
### (Account Stated)

28.    The Liquidators repeat and reallege the allegations of Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29.    Between December 2003 and May 2004, Consani sent Exsif 21 separate invoices seeking payment of a total of $1,489,497.68 for tanks and related equipment.

30.    On May 18, 2005, the Liquidators sent Exsif a summary invoice listing the invoice number and amount due Consani based on each of the 21 unpaid invoices totaling $1,489,497.68 which Consani had previously sent to Exsif. (A true and correct copy of the Liquidators' summary invoice is annexed hereto as Exhibit F.)

31.    At no time after the invoices were submitted to Exsif did Exsif object to any of the invoices or the summary invoice, nor did Exsif otherwise respond to the Liquidators' demand for payment.

32.    By reason of the foregoing, an account was stated between Consani and Exsif and, upon the account stated, copies of which are annexed hereto as Exhibits C through F, the sum of $1,489,497.68 is due from Exsif to the Liquidators.

33.    Exsif promised and agreed to pay the sum stated in the account.

34.    To date, no part of the account stated has been paid.  By reason of the foregoing, Exsif is liable to the Liquidators in the amount of $1,489,496.68, plus interest at the rate set forth in the Agreement.

### THIRD CLAIM FOR RELIEF
(Goods Sold and Delivered)

35.    The Liquidators repeat and reallege the allegations of Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.    Consani delivered to Exsif, and Exsif accepted, tanks and related equipment which Consani manufactured for Exsif in accordance with the terms of the Agreement.

37.    Although Exsif accepted the tanks and related equipment, it failed to pay the balance due of $1,489,497.68.

38.    By reason of the foregoing, Exsif owes the Liquidators, as the party authorized to recover the amounts due Consani, $1,489,497.68 plus interest.

-7-

DM1\1201232.2

WHEREFORE plaintiffs demand judgment on their first and second claims for relief against defendant in the amount of $1,489,497.68, together with interest at a rate of two percentage points above LIBOR applicable from time to time, the costs and disbursements of this action, and such other and further relief as the Court deems proper.

Dated: New York, New York
November 19, 2007

DUANE MORRIS LLP

By: *Fran M. Jacobs*
Fran M. Jacobs
1540 Broadway
New York, NY 10036-4086
(212) 692-1000
Attorneys for Plaintiffs

DM1\1201232.2

Exhibit A

-S. 003-0324

**DEPARTEMENT
VAN JUSTISIE**

J 465

**DEPARTMENT
OF JUSTICE**

SERTIFIKAAT VAN AANSTELLING *VOORLOPIGE LIKWIDATEUR(S)/
LIKWIDATEUR(S)/VOORLOPIGE REGTELIKE BESTUURDER/
GEREGTELIKE BESTUURDER
[Maatskappywet, No. 61 van 1973 (soos gewysig); Wet op Beslote Korporasies, No. 69 van 1984]

CERTIFICATE OF APPOINTMENT OF *PROVISIONAL LIQUIDATOR(S)/
LIQUIDATOR(S)/PROVISIONAL JUDICIAL MANAGER/
JUDICIAL MANAGER
[Companies Act, No. 61 of 1973 (as amended); Close Corporations Act, No. 69 of 1984]

No:  G 37/05

Hierby word gesertifiseer dat
This is to certify that

NORMAN KLEIN, THOMAS GEORGE NELL, TSIU VINCENT MATSEPE,
JAYANT DAJI PEMA, JEFFREY SIKHWE ELATERWAYO, DINARATSO
ARNOLD MICHAEL MOHASOA AND ZEENATH KAJEE

WESTRUST

P. O. BOX 10537

JOHANNESBURG

2000

aangestel is as *Voorlopige Likwidateur / Voorlopige Geregtelike Bestuurder met die magte soos uiteengesit in Artikel
van Wet No             van             van

*is/are appointed  *Provisional Liquidator / Provisional Judicial Manager with the powers as set out in  Section
351(2)                                        of Act No  61   of  1973        of

die *Maatskappy / Beslote Korporasie bekend as
the *Company / Close Corporation known as CONSANI ENGINEERING (PROPRIETARY) LTD – REG NO.
773/010931/07

wat onder *Voorlopige Likwidasie / Voorlopige Geregtelike Bestuur geplaas is *op Bevel van die Hooggeregshof
which has been placed under  *Provisional Liquidation / Provisional Judicial Management *by Order of the

van Suid-Afrika                                          Afdeling/Landdroshof
High Court of South Africa (                             Division/Magistrate's

vir die distrik van                                      /deur
Court for the district of                               /by

Spesiale Besluit geregistreer op
Special Resolution registered on   28 JANUARY                    2005

Geteken te
Signed at  JOHANNESBURG            op
                                   on  22 MARCH                  2005

                                        2005 -03- 22

Asst. Meester van die Hooggeregshof
Asst. Master of the High Court

MONICA COWIN
COMMISSIONER OF OATHS
APPOINTED IN THE DISTRICT JOHANNESBURG
41 CENTRAL STREET, HOUGHTON, JHB
TEL: (011) 728 3222
REF 9/1/8/2 JOHANNESBURG (A15)

CERTIFIED A TRUE COPY
OF THE ORIGINAL

Exhibit B

## TAL MASTER PURCHASE ORDER AGREEMENT 8020
### (General Terms & Conditions)

This TAL ~~Master Purchase Order Agreement~~ 8020 ("Purchase Order") is entered into by and between ~~Transmission Leasing~~ Inc., a Delaware corporation having a principal place of business at 100 Manhattanville Road, Purchase, NY 10577-2135 ("Buyer") and Consani Engineering (Pty) Ltd. a South Africa corporation having a principal place of business at Elsies River, South Africa ("Seller").

WHEREAS, Buyer, from time to time, may desire to purchase from Seller, and Seller, from time to time, may desire to sell to Buyer, ~~tank containers and other items of equipment; and~~

WHEREAS, it is the desire of Buyer and Seller that the terms and conditions of this Master Purchase Order Agreement shall apply to all tank containers and other items of equipment purchased by Buyer from Seller unless otherwise agreed and modified in writing by Buyer and Seller;

NOW, THEREFORE, IT IS AGREED:

1.    <u>Acceptance</u>. The terms and conditions of this Master Purchase Order Agreement shall apply to all tank containers and other items of equipment purchased by Buyer from Seller. Specific Purchase Orders shall be deemed effective when accepted in writing by the Seller or by the Seller's commencement of performance hereunder pursuant to such terms and conditions.

Each Purchase Order is subject to:

A. Approved Specifications and drawings and in accordance with specifications and drawings prepared by Seller. Seller acknowledges that Buyer is relying on the specifications and drawings prepared by Seller.

B. Submission of Successful Prototype Test and Certification Society's verification document.

C. Buyer's receipt of a ~~certificate of insurance~~ evidencing that Seller ~~maintains a minimum of~~ USD twenty million of general liability insurance coverage (including but not limited to, products liability coverage). The insurance shall be primary insurance up to and including the policy limits and shall further provide that the insurer may not modify or cancel the coverage without giving thirty (30) days prior written notice to Buyer. Seller shall, if requested by Buyer, furnish Buyer with a complete copy of the insurance policy. Buyer acknowledges that the attached insurance certificate satisfies Seller's requirements.

D. All documentation and blueprints should be in metric. Seller to supply Buyer with 5 sets original drawings, general drawings and detailed drawings and 1 original set of drawings on mylar. All detailed drawings are proprietary materials owned by Seller.

2.    <u>Prices</u>. Prices for specific Purchase Orders shall be set forth and agreed to in writing by Buyer and Seller. Prices are fixed in U.S. dollars, unless otherwise agreed in writing.

3.    <u>Delivery</u>. Time is of the essence. The delivery of the items covered hereunder must be at the time or times specified in written releases or other written instructions issued by Buyer. Buyer may, from time to time, change or temporarily suspend delivery schedules. In the event of late performance of any services covered by such Purchase Order, Buyer may, at its sole option and without any further liability hereunder in addition to its other rights under this Purchase Order:

a. Reduce the total order of this Purchase Order by the number of units Seller failed to deliver for the given period.

b. Augment and/or extend the remaining schedule to include the unprovided quantity of containers; or

c. Cancel this Purchase Order in whole or in part.

If this Purchase Order is canceled by Buyer, any fees or premiums accrued due to the cancellation of the Letter of Credit ( if applicable) will be for the account of the Seller.

Buyer will notify Seller of Buyer's election of a particular option within 30 days following the end of the month during which Seller fails to meet the delivery schedule specified above.

If Seller fails to meet the production schedule specified above, with a 14 day grace period from the date specified, Seller will pay Buyer as liquidated damages and not as a penalty US$10 per unit for each day from the end of the production month for each item not delivered and continuing until such items are delivered and accepted by Buyer.

4.    Inspection. Buyer will inspect units at Seller's plant after it receives notice from Seller that such units are available for inspection. If a unit is rejected by Buyer, Buyer shall not be deemed to have accepted such unit and shall be under no obligation to issue clean receipt until such unit is accepted by Buyer after further inspection. The price for each unit shall include the cost of making units available for inspection by Buyer including such lifting, handling, etc. as may be necessary.

Payment for the units delivered shall not constitute acceptance thereof. Buyer shall have a reasonable time to inspect the units. All units must conform to the specifications, instructions, drawings and data and/or samples whether furnished by Seller or Buyer as well as to all Seller's warranties (express or implied), and Buyer may reject or refuse acceptance of any units which do not so conform.

Seller will send the following documents to Buyer by Courier immediately after the completion of the delivery specified:

a. Clean receipt signed by Buyer or Buyer's agents or by any other duly authorized representative of Buyer.

b. Confirmation of application for inspection certificate issued by Lloyds, Bureau Veritas or American Bureau of Shipping, certifying as to the compliance of the equipment with all technical specifications and requirements as well as compliance with all regulations (wherever imposed) for tank containers, including without limitation, ADR/RID, IMO1, CSC, TIR, ISO, AAR 600, IM 101 (United States Department of Transportation), TC (Canada), UK-DOT, and, as well as customs approval and the Gauging Certificate in metric and U. S. equivalent. The actual certificates will be forwarded on a monthly basis by Seller as received from the certifying agency.

5.    Warranties. In addition to all other express and implied warranties in this Purchase Order:

5.1 Seller expressly warrants that the items covered hereunder shall strictly conform to applicable specifications, instructions, drawings, data and samples, if any, including performance specifications and, if of the Seller's design, will be free from design defects. Seller warrants that items furnished hereunder will be fit for the use intended by Buyer, if Seller knows or should know the purpose for which Buyer is intending to use the items. Seller expressly warrants that the tank containers are fit for use and transport by sea and on containerships, and on land on highways and roads on chassis and by rail on railroad cars and will not fail due to fatigue or other manufacturing defect. These warranties shall be in

2

addition to all warranties, express, implied or statutory. Inspection, test, acceptance or use of the items furnished hereunder shall not affect Seller's obligation under these warranties, and such warranties shall survive inspection, test, acceptance and use. All warranties shall run to Buyer, its customers, lessees, indemnitees and their successors and assigns. All warranties shall be construed as conditions as well as promises and shall be deemed to be exclusive.

5.2 Seller warrants against faulty design/workmanship and materials from the date of acceptance of each unit. If during this period there are damages for which Seller is responsible Seller will repair the damages at his own cost or, if it is more economical, contract a third party repair facility or Buyer to repair these damages. Buyer or a third party repair facility contracted by Seller will be paid the costs for the repair of these damages. These costs are to be mutually agreed upon in writing by Buyer and Seller prior to repair. If said warranty repairs require specialized repair work, the Seller shall deliver unit free of cost to nearest mutually approved facility.

5.3 Prior to commencement of any warranty repair the Seller has the right to inspect the container. Seller or Seller's designated representative will inspect each unit within ten (10) working days of notification by Buyer of the warranty claim. If Seller does not inspect the unit within such ten (10) day period, Buyer will proceed with the repair at Seller's expense.

5.4 Seller warrants against defects in the paint coating of all steel structure for five years from the date of acceptance of each unit per March 1991 - Transamerica Tank Spec Book requirements.

5.5 Seller warrants against defects in decals for nine years from the date of acceptance of each unit per March 1991 Transamerica Tank Spec Book requirements.

5.6 Seller's warranty on conformity to specifications shall be a continuing one and shall survive the date of acceptance of each unit.

5.7 Warranty Exceptions. Buyer agrees to exclude the following items from warranty claims:

-Damage from normal wear and tear*
-Violent mechanical impact and damage*
-Damage or failure resulting from improper use or operational variance with recommendation of current ISO standards for containers.
-Damage due to incompatible cargo or cleaning or combination of both.

*Note: Consani paint system is warranted against undercoat failure at damaged or impact areas.

6.    Advertising.  Seller shall not, without first obtaining the written consent of Buyer, in any manner, advertise, publish or disclose the fact that Seller has contracted with Buyer to furnish the items or render the services herein ordered nor any of the detail connected with this Purchase Order to any third party except, as herein specified and except as may be required to perform this Purchase Order. For failure to observe this provision, Buyer shall have the right, in addition to any other rights and remedies provided by law, to cancel this Purchase Order without any duty to accept deliveries after the date of such cancellation or to make further payments hereunder except for items delivered prior to such cancellation.

7.    Buyer's Property.  All property used by Seller in connection with this Purchase Order which is owned, furnished, charged to or paid by Buyer including, but not limited to, materials, tools, dies, jigs, molds, patterns, fixtures, equipment and any replacement thereof, shall be and remain the property of Buyer subject to removal and inspection by Buyer at any time without cost or expense to Buyer, and Buyer shall have free access to Seller's premises for the purpose of removing such property. All such property shall be identified and marked as Buyer's property used only for this Purchase Order and adequately

3

Case 7:07-cv-10485-SCR    Document 1-3    Filed 11/20/2007    Page 5 of 9
17. FEB. 2005 16:38    Schut & Grosheide +31-10-7104666    NR. 9138   P. 5
SCHUT & GROSHEIDE

insured by Seller at its expense for Buyer's protection. Seller shall assume all liability for and maintain and repair such property and return the same to Buyer in its original condition, reasonable wear and tear excepted. Buyer shall not be obligated to pay any invoices for tooling until the first article produced therefrom shall have been received and accepted. Seller shall not use Buyer's property for its design or production to items for any other party.

8.    Information. Drawings, data, design, inventions and other technical information supplied by Buyer shall remain Buyer's property and shall be held in confidence by the Seller. Such information shall not be reproduced, used or disclosed to others by Seller without Buyer's prior written consent and shall be returned to Buyer upon completion by Seller of its obligations under this Purchase Order or upon demand. Any information which Seller may disclose to Buyer with respect to the design, manufacture, sale or use of the items covered by this Purchase Order shall be deemed to have been disclosed as part of the consideration of this Purchase Order, and Seller shall not assert any claim other than a claim for patent infringement against Buyer by reason of Buyer's use thereof. Buyer does not grant indemnity to Seller for infringement of any patent, trademark, copyright or data rights.

All information submitted by Seller to Buyer will be held strictly confidential, except that Buyer may disclose to its lessee or lessee designated repair facility upon the lessee's or lessee's designated repair facility request a copy of the specifications for the equipment and such other information as the lessee or lessee designated repair facility may reasonable require to operate or repair the equipment and except that Buyer may disclose such information as required by a court of law. All drawings, information, designs and the like submitted by Seller and generated by Seller in the execution of the order shall remain the property of Seller. Notwithstanding the above, Buyer may provide copies of all such documentation to its lessees, to depots, repair facilities and other parties provided Buyer discloses in writing to such parties that such property is the property of Seller.

9.    Changes. No change, modification or revision to this Purchase Order shall be binding upon Buyer or Seller unless made in writing and signed by Buyer's and Seller's authorized representative. Seller shall be entitled to a reasonable extension of time and delivery schedule if there are increases in the order or changes to specifications, designs, and drawings. Seller shall not be liable for delays in delivery arising from changes in the order or modifications of the specifications, designs and drawings.

10.    Compliance With Laws. On request, Seller shall furnish Buyer certificates of compliance with all applicable laws, orders and regulations of the federal or any state or municipal government or agency thereof which apply to this Purchase Order. Seller covenants to exonerate and hold Buyer harmless from and against any and all costs, damages and expenses, including attorneys' fees, suffered or occasioned by Buyer directly or indirectly through any failure of Seller to comply with any such applicable law, regulation or order.

11.    Liens. All items furnished hereunder and all property, if any, to be returned to Buyer shall be free and clear of any and all liens and encumbrances whatsoever. If requested by Buyer, Seller will execute an appropriate agreement waiving all liens against Buyer's property.

12.    Payment. Payment will be made via wire transfer 30 days following the end of the month of clean acceptance by Buyer or as otherwise agreed in writing. All amounts not paid when due shall bear interest at a rate two percentage points above LIBOR applicable from time to time.

Seller is to furnish the following documents:

A. An original invoice reflecting purchase order number, unit serial numbers, unit price and total amount of invoice cost.

B. A signed acceptance receipt by Buyer's representative listing unit numbers and date accepted.

4

C. All required applicable copies of factory specs, certifications, construction certificates indicating the type approval and TIR registration number, factory drawings, repair, parts and operation manuals, photo essays etc., as per Specifications and usual requirements of TAL "Technical Requirements Shipping List" (24 Mar. 94 Rev.), and sent to the attention of Ms. Suzanne Capozzi using the "Shipping List" as the cover shipping document.

D. Ten percent (10%) of each unit price invoices will be withheld at the time of payment (without interest) until receipt by Buyer of all necessary documents/approvals, drawings and specifications and TIR registration and type approval certificates. The withheld funds will be paid by wire transfer upon the receipt of the aforementioned documents by Buyer.

13.    **Risk of Loss.** Except as otherwise expressly agreed to by Buyer and Seller and provided in writing, risk of loss on all items shipped by Seller to Buyer shall pass to Buyer F.O.B. place of destination. Cost of all return shipments, for whatever reason returned, shall be borne by Seller with risk of loss passing at Buyer's location unless otherwise specified by Buyer at the time or return.

14.    **Indemnification.** Seller agrees to defend at its expense, and to indemnify and hold harmless Buyer, its lessees, employees, and indemnities, from and against, any and all losses, claims, actions, costs, expenses, fees, damages, fines and liabilities (including reasonable attorneys' fees), based upon a breach of Seller's warranties or a manufacturing defect in equipment covered by this Purchase Order or any act or omission of Seller, its agents or employees, or out of Seller's failure to comply with any applicable laws or governmental rules or regulations or any of the terms and conditions of this Purchase Order.

15.    **Patent Indemnity.** If the items furnished hereunder are not manufactured to a detail design supplied solely by Buyer, Seller shall indemnify and hold harmless Buyer and its assigns and customers against all loss, expense, claim and liability of any nature resulting from actual or alleged patent infringement, domestic or foreign, in the use or sale of any items, or any parts thereof, is enjoined, Seller shall, at its own expense and at its option with the approval of Buyer (which shall not be unreasonably withheld) (i) procure for Buyer and its assigns and customers the right to continue to sell and use said items, or part, or (ii) modify said items, or part, so that they become non-infringing; or (iii) accept return of said items and refund the purchase price and the transportation and installation costs, if any, thereof.

16.    **Independent Contractor.** If this Purchase Order requires or contemplates performance of services by Seller's employees, or persons under contract to Seller, to be done on Buyer's property, Seller agrees that all such work shall be done as an independent contractor and that the persons doing such work shall not be considered employees of Buyer. Seller shall maintain all necessary insurance coverage's, including public liability and workmen's compensation insurance. Seller shall indemnify and hold Buyer harmless from any and all claims or liabilities arising out of the work covered by this Paragraph.

17.    **Termination.** Buyer shall have the right to terminate this Purchase Order or any part thereof at any time:

a. **Without Cause** - In case of termination by Buyer of all or any part of this Purchase Order without cause, any termination claim must be submitted to Buyer within ninety (90) days after the effective date of termination. The provisions of this subparagraph shall not limit the right of Buyer to terminate this Purchase Order for cause and shall not apply to a termination with cause.

b. **For Cause** - If Seller fails to make any delivery in accordance with the agreed delivery date or schedule or otherwise fails to observe or comply with any of the other instructions, terms conditions or warranties applicable to the Purchase Order or fails to make progress so as to endanger performance of this Purchase Order or in the event of any proceedings by or against Seller in bankruptcy or insolvency or appointment of a receiver or trustee or an assignment for the benefit of creditors, Buyer may, in addition to any other right or remedy provided by this Purchase Order or by law, terminate all or any part of this

5

Purchase Order by telegraphic or other written notice to Seller without any liability by Buyer to Seller on account thereof. Buyer may require a financial statement from Seller at any time during the term of this Purchase Order for the purpose of determining Seller's financial responsibility. In the event of termination for cause, Buyer may produce or purchase or otherwise acquire supplies or services elsewhere on such terms or in such manner as Buyer may deem appropriate and Seller shall be liable to Buyer for any excess or other expenses incurred by Buyer.

18.    **Taxes and Other Exactions.** Seller agrees to assume exclusive liability for taxes or other exactions on the manufacture or sale of the items to be furnished hereunder, or any component part thereof on any process or labor involved therein, or on any services to be rendered by Seller and to pay any and all such taxes except those Buyer specifically agrees or is by law required to pay. Any taxes to be paid by Buyer shall be separately stated on the invoice. Prices shall not include any taxes for which Seller can obtain, or Buyer can furnish exemption.

19.    **Remedies.** The remedies reserved to Buyer herein, except where expressly stated to be exclusive, shall be cumulative and in addition to any other or further remedies provided by law.

20.    **Waiver.** Buyer's failure to insist on performance of any of the terms or conditions herein or Buyer's waiver of any breach shall not act as a waiver of any term or condition or of any subsequent breach.

21.    **Setoff.** All claims for money due or to become due from Buyer shall be subject to deduction or setoff by Buyer by reason of any counterclaim arising out of this or any other transaction with Seller.

22.    **Assignment.** Neither this Purchase Order nor any rights or obligations herein may be assigned by Seller nor may Seller delegate the performance of any of its duties hereunder without, in either case, Buyer's prior written consent which consent shall not be unreasonably withheld. The terms and conditions of this Purchase Order shall not bind any permitted successors and assigns of Seller. Any consent by Buyer to assignment shall not be deemed to waive Buyer's right to recoupment, and/or setoff of claims arising out of this or any other transaction with Seller, its divisions, affiliates or subsidiaries, or to settle or adjust claims with Seller without notice to permitted successors and assigns. Seller may cede and assign its right to receive payment to any third party provided that Seller shall remain liable to Buyer for all obligations of Seller under this Purchase Order.

Buyer may assign all or part of this Purchase Order to any of its subsidiaries or affiliated companies. Notwithstanding any assignment of this Purchase Order by Buyer, Buyer will remain liable to Seller for all obligations of Buyer under this Purchase Order.

23.    **Force Majeure.**

(a) Buyer may delay delivery or acceptance of any items occasioned by causes beyond its control. Seller shall hold such items at the direction of Buyer and shall deliver them when the cause affecting the delay has been removed. Buyer shall be responsible only for Seller's direct additional costs in holding or delaying performance at Buyer's request.

(b) If Seller is unable to perform for any reason beyond its control, Buyer shall, without any liability hereunder, have the right to continue the delivery dates until Seller is able to perform or terminate this Purchase Order.

(c) In the event the Seller is hindered, delayed or prevented from performing any or all of its obligations in terms of this Purchase Order by acts of God and force majeure of every description, including but not limited to labor disputes and strikes, (whether by the employees of Seller or the employees of suppliers of Seller), civil commotion or unrest, fire, flood, storm and tempest, war,

insurrection, and all other circumstances beyond the control of Seller which render this Purchase Order wholly or partially impossible to perform, then in such event, Seller shall be relieved from any legal liability for such failure to perform during the period of impossibility.

24.    Construction. This Purchase Order is to be construed and interpreted according to the laws of the State of New York, except that Buyer and Seller agree that the United Nations Convention on the Sale of Goods shall not apply to this Purchase Order.

25.    Consent to Jurisdiction. Seller agrees that any claim or controversy arising out of, or relating to this Purchase Order may be litigated in the State of New York, U.S.A. and Seller consents to be subject to the jurisdiction of the state and federal courts in New York. Buyer may serve process on Seller by telecopier or by mailing a copy of such process (by registered or certified mail, return receipt requested) addressed to Seller c/o Consani Inc., 28 West Shore Drive, Pennington, New Jersey 08534. Service shall be complete when received by Seller if sent by telecopier or seven (7) days after it is mailed by Buyer if sent by mail. Nothing contained herein shall limit the right of either party to serve process in any other manner allowed by law or affect the right of either party to bring any action which may be otherwise permitted in the courts of any other jurisdiction.

26.    Amendments. Except as is expressly provided in this Master Purchase Order, the terms, covenants, conditions and other provisions of this Purchase Order may be changed, amended, or modified only by a written instrument that specifically purports to do so and is signed by both parties.

27.    Policy on Business Conduct. It is the policy of Buyer to adhere to a code of business conduct requiring that all its business relationships and dealings be conducted in the utmost good faith and at arms' length. Buyer's objective is to establish lasting relationships built on trust and quality of product and service at a fair and competitive price.

In order to establish and maintain a relationship based on these principles, Seller, by accepting each Purchase Order, certifies to Buyer the following:

i) No inducement has been given by Seller or on Seller's behalf to any employee of Buyer or to any third party at the direction of any such employee. "Inducement" does not include infrequent gratuities of nominal value such as meals, entertainment or promotional handouts.

ii) To Seller's knowledge, no employee of Buyer or any of its affiliated companies or any relative of any such employees has any interest, financial or otherwise, in Seller's business.

Seller also agrees that Buyer has the right to review Seller's books and records related to this Purchase Order to the extent necessary to confirm to Buyer's satisfaction, the accuracy of this certification.

IN WITNESS WHEREOF, Buyer and Seller have executed this TAL Master Purchase Order Agreement 8020 this ___11___ day of __December__, 1995.

BUYER:

TRANSAMERICA LEASING INC.

By: _____
Name: __JAY KAPLAN_____
Title: __VICE PRESIDENT_____

SELLER:

CONSANI ENGINEERING (PTY) LTD

By: _____
Name: __I. D. BELL_____
Title: __MANAGING DIRECTOR_____

t:\legal\mapig\tluc\purchor3.doc

Exhibit C

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7490 South Africa
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010831/07
Vat Reg. No. 4080101796

Tel. Local (021) 5903400 Int. 2721 5903400
Fax. Local (021) 5912825 Int. 2721 5912825

## TAX INVOICE

**INVOICE NUMBER**
322594

| | | DATE |
|---|---|---|
| | | 22/04/04 |

**CUSTOMER:**
FIRST AM
500 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
USA

MELISSA NESBITT

| CUSTOMER ACCOUNT No. | 00500 |
|---|---|
| YOUR REFERENCE | $1 |

| W/O No. | REF. : 032703 | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|---|
| 3225 | REF: 032703 | | | | |
| | FOR THE SUPPLY OF 10x 31,000 LITRE T1UN PORTABLE TANKS @ USD 26,598.00ea. EX ROTTERDAM (WO8225) | 265980.00 | 0.00 | 265980.00 |
| | 90% PAYMENT DUE WITHIN 30 DAYS 10% RETENTION AS PER MELISSA'S E-MAIL DD 19/11/00 | | | |

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| | 265980.00 | | 265980.00 |

**BANKING DETAILS**

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PAROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 273498.1
SWIFT CODE : SBZA ZA JJ

# CONSANI ENGDEE .ING (PTY) LTD

Consani Road Elsies River 7490 South Africa
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07
Vat Reg. No. 4080101795

Tel. Local (021) 5903400 Int. 2721 5903400
Fax. Local (021) 5912825 Int. 2721 5912825

## Tﾟ INVOICE

**INVOICE NUMBER** 322614

CUSTOMER:

```
FIRST KM
5/2 MANHATTANVILLE ROAD
SCR CHASE, NY 10577-2135
USA
```

MELISSA NESBITT

| DATE | CUSTOMER ACCOUNT No. | YOUR REFERENCE |
|---|---|---|
| 07/05/04 | 09500 | 032703 |

| DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|
| | | | |
| W/O No. | | | |
| TYPE OF WO REF. 032703 | | | |
| FOR THE SUPPLY OF 9 X 31,000 LITRE TITUN FIRE-ABLE TANKS @ USD 26,598.00ea, EX DEPOT ROTTERDAM (WO 8225) | | | |
| | | | |
| 95% DUE WITHIN 30 DAYS, 10% RETENTION AS DETAILED IN MELISSA'S E-MAIL DD 18/11/00 | | | |
| | | | |
| | 239882.00 | 0.00 | 239882.00 |
| | | $1 | |

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| | 239882.00 | | 239882.00 |

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PARROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2734809
SWIFT CODE : SBZA ZACJJJ XO

BANKING DETAILS

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7490 South Africa
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07
Vat Reg. No. 4080101795

Tel. Local (021) 5903400 Int. 2721 5903400
Fax. Local (021) 5912825 Int. 2721 5912825

## TAX INVOICE

| INVOICE NUMBER |
|---|
| 322642 |

| DATE |
|---|
| 21/05/04 |

**CUSTOMER:**
C/SIT PW
100 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
USA

| CUSTOMER A/C ACCOUNT No. | YOUR REFERENCE |
|---|---|
| 00000 | PO 032703 |

MARTA CORREIA

| W/O No. | | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|---|
| 8225 | PURCHASE ORDER NO. 032703 | | | | |
| | ==========================  | | | | |
| | FOR THE SUPPLY OF 19 X 31,000 LITRE T11 UN | | 505362,00 | 0.00 | 505362.00 |
| | PORTABLE TANKS @ USD 26,598.00ea. EX DEPOT | | | | |
| | ROTTERDAM (WO 8225) | | | | |
| | | | | | |
| | 90% PAYMENT DUE WITHIN 30 DAYS, 10% | | | | |
| | RETENTION AS PER MELISSA'S E-MAIL DD | | | | |
| | 18/11/00 | | | | |

**BANKING DETAILS**

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PAROW

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| | 505362.00 | | 505362.00 |

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 273909512
SWIFT CODE : SBZA ZA JJ

$1

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7490 South Africa
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/01093/07
Vat Reg. No. 4080101795

Tel: Local (021) 5903400 Int. 2721 5903400
Fax. Local (021) 5912825 Int. 2721 5912825

**TAX INVOICE**

**INVOICE NUMBER**  322683

| | |
|---|---|
| DATE | 03/06/04 |
| CUSTOMER ACCOUNT No. | 00500 |
| YOUR REFERENCE | 032703 |

OWNER:

THEIS INC
100 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
(USA)

MARIA CORREIA

| No. | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|
| | REF. 032703 | | | |
| | FOR THE SUPPLY OF 7 x 31.000 LITRE T11 UN PORTABLE TANKS @ USD 26,598.00 ea. (WO 8225.) | 186186.00 | 0.00 | 186186.00 |

|  | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| | 186186.00 | 0.00 | 186186.00 |

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PAROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2734809
SWIFT CODE : SBZA ZAJJ

Exhibit D

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7490 South Africa   Tel. Local (021) 5903400 Int 2721 5903400
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07                   Fax. Local (021) 5912825 Int. 2721 5912825
Vat Reg. No. 4080101795

**COMPANY INVOICE**

**INVOICE NUMBER**

| DATE | CUSTOMER ACCOUNT No. | YOUR REFERENCE |
|---|---|---|
| EVA 2004 -01- 06 | | |

CUSTOMER:

I/O No.

| DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|
| | 249575.00 | 0.00 | 249575.00 |

SERIAL NUMBERS:

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| | | | |

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK     BRANCH CODE : 08-11-10-44
PAROW             ACCOUNT No. : 07 2734809
                  SWIFT CODE : SBZA ZA JJ

# CONSANI ENGINEERING (PTY) LTD

**TAX INVOICE**

Consani Road Elsies River 7480 South Africa   Tel. Local (021) 6903400 Int. 2721 6903400
PO Box 1 Elsies River 7480 South Africa   Fax. Local (021) 5912825 Int. 2721 5912825
Co. Reg. No. 1973/010931/07
Vat Reg. No. 4080101795

**INVOICE NUMBER** 32253.

**DATE** 10/03/04

CUSTOMER:

EYSIT WW
100 MANHATTANVILLE ROAD
PURCHASE. NY 10577-2135
USA

MELISSA NESBETT

| W/O No. | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|
| | EXSIF WW REF- 032706 | | | |
| | For supply of 24 x 35,000 litre T11 UN portable tanks ex depot Rotterdam @ USD 28,098.00 each. (WO 8223) | | | |
| | PAYMENT DUE – 90% DUE WITHIN 30 DAYS, 10% RETENTION AS DETAILED IN MELISSA'S E-MAIL DD 19/12/03 | | | |
| | SERIAL NOS.: EXFU 877329 TO EXFU 877342 EXCLUDING EXFU 877353 | | | |
| | | 674,352.00 | | 674,352.00 |

CUSTOMER VAT ACCOUNT NO.   00500

YOUR REFERENCE   $1

| NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|
| 674,352.00 | 0.00 | 674,352.00 |

BANKING DETAILS

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PAROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2734989
SWIFT CODE : SBZA.ZAJJ

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7480 South Africa   Tel. Local (021) 5903400 Int. 2721 5903400
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07                    Fax. Local (021) 5912825 Int. 2721 5912825
Vat. Reg. No. 40801079S

**TAX INVOICE**

**INVOICE NUMBER**
322550

| | | | | DATE | 17/03/04 |

**CUSTOMER**

ELSIE WW
ERD MANHATTANVILLE ROAD
PUR-HASE, NY 10577-2135
USA

MELISSA NESBITT

| CUSTOMER ACCOUNT No. | 00500 |
| YOUR REFERENCE | $1 |

| W/O No. | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|
| 3223 | EYSIF WW REF. 032706 | | | |
| | For supply of 1 X 35.000 litre T11 UN Portable Tank & fume 28,098.00 each. Ex Depot Rotterdam USD | 28098.00 | | 28098.00 |

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| | 28098.00 | 0.00 | 28098.00 |

**BANKING DETAILS**

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PARROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2734809
SWIFT CODE : SBZA ZA JJ

# CONSANI ENGINEERING (PTY) LTD

### TAX INVOICE

Consani Road Elsies River 7490 South Africa
PO Box 1 Elsies River 7490 South Africa
Co. Reg. No. 1973/010931/07
Vat Reg. No. 4080101795

Tel. Local (021) 5903400 Int. 2721 5903400
Fax. Local (021) 5912825 Int. 2721 5912825

| | INVOICE NUMBER |
| --- | --- |
| | 322562 |

| DATE | 31/03/04 |
| --- | --- |

| CUSTOMER ACCOUNT No. | 00500 |
| --- | --- |

**CUSTOMER**

EXTREME MG
ODO CONVERTRANVILLE ROAD
PURCHASE, NY 10577-2135
USA

MELISSA NESBITT

| YOUR REFERENCE | $1 |
| --- | --- |

| W/O No. | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
| --- | --- | --- | --- | --- |
| REF. 032763 | | | | |
| | For supply of 20 x 31,000 litre T11 UN portable Tanks @ USD 26,598.00 each. ex WO £255 | 531960.00 | 0.00 | 531960.00 |
| | 90% due within 30 days. | | | |

| | NETT TOTAL | VAT TOTAL | TOTAL |
| --- | --- | --- | --- |
| | 531960.00 | 0.00 | 531960.00 |

**BANKING DETAILS**

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PAROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2734091
SWIFT CODE : SBZA ZA JJ-AR

# CONSANI ENGINEERING (PTY) LTD

**TAX INVOICE**

Consani Road Elsies River 7480 South Africa    Tel. Local (021) 5903400 Int. 2721 5903400
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07    Fax. Local (021) 5912825 Int. 2721 5912825
Vat Reg. No. 4080101795

**INVOICE NUMBER**  322563

| | DATE | 31/03/04 |
|---|---|---|
| CUSTOMER ACCOUNT No. | | 00500 |
| YOUR REFERENCE | | $1 |

CUSTOMER:

```
ESCC ...
EGG MANHATTANVILLE ROAD
PUR CHASE, NV 10577-2125
USA
```

MELISSA NESBITT

| I/O No. 1 | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|
| Ref: 52682 | | 223200.00 | 0.00 | 223200.00 |
| | For supply of 16 X 7,570 Litre T11 UN Portable Tanks @ USD 13,950.00 each. Ex Works WC 2622 | | | |
| | 90% due within 30 days | | | |

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| | 223200.00 | | 223200.00 |

BANKING DETAILS

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PAROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2734809
SWIFT CODE : SBZA ZA JJ-AR

# CONSANI ENGINEERING (PTY) LTD

**Consani Road Elsies River 7490 South Africa**  Tel. Local (021) 5903400 Int. 2721 5903400
PO Box 1 Elsies River 7480 South Africa    Fax. Local (021) 5912825 Int. 2721 5912825
Co. Reg. No. 1973/010931/07
Vat Reg. No. 4080101795

**TAX INVOICE**

**INVOICE NUMBER**
322578

| | |
|---|---|
| DATE | 08/04/04 |
| CUSTOMER ACCOUNT No. | 00500 |
| YOUR REFERENCE | |

**CUSTOMER:**

EXSIF WW
100 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
USA

MELISSA NESBITT

| W/O No. | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|
| 32225 | | | | |
| | REF. 032270B | | | |
| | ============= | | | |
| | FOR THE SUPPLY OF 9 x 31,000 LITRE T11UN | | | |
| | PORTABLE TANKS ex ROTTERDAM @ | | | |
| | USD 26,598.00ea. (WO 8225). | | | |
| | | | | |
| | 90% PAYMENT DUE WITHIN 30 DAYS, 10% | | | |
| | RETENTION AS DETAILED IN MELISSA'S E-MAIL | | | |
| | DATED 18/17/00 | | | |
| | | | $1 | |

| | | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|---|
| | | 239382.00 | 0.00 | 239382.00 |

**BANKING DETAILS**

**ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD**
STANDARD BANK
PAROW

**BRANCH CODE :** 03-11-10-44
**ACCOUNT No. :** 07 273 5091
**SWIFT CODE :** SBZA ZA JJ

| | | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|
| | | 239382.00 | 0.00 | 239382.00 |

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7490 South Africa  Tel. Local (021) 5903400 Int. 2721 5903400
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07  Fax. Local (021) 5912825 Int. 2721 5912825
Vat Reg. No. 4080101795

**TAX INVOICE**

**INVOICE NUMBER**
322575

| | |
|---|---|
| DATE | 22/04/04 |

**CUSTOMER:**
EXSIF MW
100 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
USA

MELISSA NESBITT

| | |
|---|---|
| CUSTOMER ACCOUNT No. | 00500 |
| YOUR REFERENCE | $1 |

| W/O No. | REF. | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|---|
| 2622 | REF. 62682 | FOR THE SUPPLY OF 16 X 7,570 LITRE T11UN PORTABLE TANKS @ USD 13,950.00ea. EX WORKS. (WO 2622) | 223200.00 | 0.00 | 223200.00 |
| | | 90% PAYMENT DUE WITHIN 30 DAYS 10% RETENTION AS PER MELISSA'S E-MAIL DD 18/11/00 | | | |

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| | 223200.00 | | 223200.00 |

BANKING DETAILS

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PAROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 273480 LAR
SWIFT CODE : SBZA ZA LI

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7490 South Africa
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07
Vat Reg. No. 4080101795

Tel. Local (021) 5903400 Int. 2721 5903400
Fax. Local (021) 5912825 Int. 2721 5912825

## TAX INVOICE

| | |
|---|---|
| INVOICE NUMBER | 322332 |
| DATE | 12/05/04 |

CUSTOMER:
ESTE WW
1300 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
USA

| CUSTOMER ACCOUNT No. | 00500 |
|---|---|
| YOUR REFERENCE | |

MARIA CORREIA

| W/O No. | ORDER NO. | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|---|
| 2622 | 62682 | FOR SUPPLY OF 8 x 7,750 LITRE T11 UN PORTABLE TANKS @ USD 13,950.00 ea. EX WORKS NO 2622. | 111600.00 | $1 | |
| | | 30% PAYMENT DUE WITHIN 30 DAYS 10% RETENTION AS DETAILED IN MELISSA S E-MAIL DD 18/11/00 | | | |

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| | 111600.00 | 0.00 | 111600.00 |
| | | | 111600.00 |

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PARROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2733889
ACCOUNT : US DOLLAR
SWIFT CODE : SBZA ZA JJ

BANKING
DETAILS

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7460 South Africa
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07
Vat Reg. No. 4080101795

Tel. Local (021) 5903400 Int. +21 5903400
Fax. Local (021) 5912825 Int. 2721 5912825.

**TAX INVOICE**

INVOICE NUMBER: 325662

DATE: 28/03/04

CUSTOMER ACCOUNT No.: 00500

YOUR REFERENCE: 0327719

CUSTOMER:

MARIA CORREIA
USA
30C MARTINSVILLE ROAD
BASKING RIDGE, NY 10657-2135

W/O No.

| DESCRIPTION | NETT AMOUNT | VAT |
|---|---|---|
| FOR THE SUPPLY OF 22 x 26,000 LITRE T11 UN PORTABLE TANKS @ USD 19,030.00ea (WO 2355) | 418660.00 | 0.00 |
| | | $1 |

| NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|
| 418660.00 | 0.00 | 418660.00 |

BANKING DETAILS

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PAROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2734809
SWIFT CODE : SBZA ZAJJ

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7490 South Africa    Tel. Local (021) 5903400 Int. 2721 5903400
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07
Vat Reg. No. 408010179S    Fax. Local (021) 5912825 Int. 2721 5912825

## TAX INVOICE

| | INVOICE NUMBER |
|---|---|
| | 322882 |

| | DATE |
|---|---|
| | 93/06/04 |

CUSTOMER:

ELSIE WW
100 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
USA

| CUSTOMER ACCOUNT No. | 00500 |
|---|---|
| YOUR REFERENCE | 032719 |

| O No. | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|
| 852 | | | | |
| | REF. 032719 | | | |
| | ============= | | $1 | |
| | MORTA CONSRIA | | | |
| | | | | |
| | FOR SUPPLY OF 12 x 26,000 LITRE T11 UN | | | |
| | PORTABLE TANKS @ USD 19,030.00 ea. | 228360.00 | 0.00 | 228360.00 |

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| | | | 228360.00 |

BANKING DETAILS

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PAROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2734809
SWIFT CODE : SBZA ZA JJ

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7490 South Africa
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07
Vat Reg. No. 4080101795

Tel. Local (021) 5903400 Int. 2721 5903400
Fax. Local (021) 5912825 Int. 2721 5912825

## TAX INVOICE

**INVOICE NUMBER**

222688

| | DATE | 07/06/04 |
|---|---|---|
| CUSTOMER ACCOUNT No. | | 00500 |
| YOUR REFERENCE | | 032719 |

OWNER:

FISTE VW
100 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
U.S.A

META CORRETA

| DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|
| REF. 032719 | | | $1 |
| FOR SUPPLY OF 11 x 26,000 LITRE TII UN PORTABLE TANKS EX WORKS @ USD 19,030.00 ea. (TWO 2658) | 209330.00 | 0.00 | 209330.00 |

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| | | | |

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PARROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2734809
SWIFT CODE : SBZA 7AJJ

# CONSANI ENGINEERING (PTY) LTD

Conseni Road Elsies River 7490 South Africa
PO Box 1 Elsies River 7480 South Africa        Tel. Local (021) 5903400 Int. 2721 5903400
Co. Reg. No. 1973/010931/07                   Fax. Local (021) 5912825 Int. 2721 5912825.
Vat Reg. No. 4080101795

## TAX INVOICE

**INVOICE NUMBER** 322703

| DATE | 23/06/04 |
| CUSTOMER ACCOUNT No. | 00500 |
| YOUR REFERENCE | 4508654858 |

CUSTOMER:

EISLE WW
100 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
USA

I/O No.:

MARIA GODREJ

| REF. NO.: 4508654858 | DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|---|
| | | | $1 | |
| | FOR THE MODIFICATION OF 20 EXISTING PHOSPHORUS MANLIDS BY MACHINING A NEW FLANGE OPENING AND PROVIDING THE BLIND FLANGE AND GASKET AT A TOTAL COST OF USD 9,515.00 (I/O 1156) | 9515.00 | 0.00 | 9515.00 |
| ========================== | | | | |
| ATTENTION : WARWICK SPENCER | | | | |
| ========================== | | | | |

| | NETT TOTAL | VAT TOTAL | TOTAL |

BANKING DETAILS

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
'PAROW'

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2734809
SWIFT CODE  : SBZA ZA JJ

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7480 South Africa
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07
Vat Reg. No. 4080101795

Tel. Local (021) 5903400 Int. 2721 5903400.
Fax. Local (021) 5912825 Int. 2721 5912825.

TAX INVOICE

INVOICE NUMBER: 322720

| | |
|---|---|
| DATE | 25/06/04 |
| CUSTOMER ACCOUNT NO. | 00500 |
| YOUR REFERENCE | 032719 |

CUSTOMER:
ECSP RR
166 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
USA

V/O No.

| DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|
| MASTA COPPETA | | | |
| REF: 032719 | | | |
| FOR THE SUPPLY OF 15 x 26,000 LITRE TII UN | | | |
| PORTABLE TANKS EX WORKS (WO 2658) | | | |
| BASE PRICE: 18,500.00 USD | | | |
| PLUS WALKWAYS: 450.00 USD | | | |
| TOP DISCHARGE ADAPTOR | | | |
| FLANGE 80.00 USD | | | |
| TOTAL PRICE: 19,030.00 USD | | | |
| (REFER MICHAEL SMITH E-MAIL DD 10/03/04 - | | | |
| WALKWAYS) | | | |
| (REFER MELISSA NESBITT E-MAIL DD 16/03/04 - | | | |
| ADAPTOR FLANGE) | | | |
| | 285450.00 | 0.00 | 285450.00 |

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|
| $1 | | | |

BANKING DETAILS

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2738809

# CONSANI ENGINEERING (PTY) LTD

Consani Road Elsies River 7490 South Africa
PO Box 1 Elsies River 7480 South Africa
Co. Reg. No. 1973/010931/07
Vat Reg. No. 4080101795

Tel. Local (021) 5903400 Int. 2721 5903400
Fax. Local (021) 5912825 Int. 2721 5912825

**TAX INVOICE**

**INVOICE NUMBER** 322727

| DATE | 15/07/04 |
|---|---|

**CUSTOMER:**

EYSIF WW
130 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
USA

| CUSTOMER ACCOUNT No. | 00500 |
|---|---|
| YOUR REFERENCE | 032703 |

W/O No. **8225**

MARIA CORREIA

| DESCRIPTION | NETT AMOUNT | VAT | TOTAL |
|---|---|---|---|
| FOR THE SUPPLY OF 1 x 31,000 LITRE T11 UN PORTABLE TANK @ USD 26,598.00 ea: EX ROTTERDAM DEPOT (WO 8225) | 26598.00 | 0.00 | $1 |
| EXFU 090043-0 | | | 26598.00 |
| 90% PAYMENT DUE WITHIN 30 DAYS, 10% RETENTION AS DETAILED IN MELISSA'S E-MAIL DATED 18/11/00 | | | |

*Only 10% on Statement*
*Bal Paid*
*25/6/04 Statement 5441*

| | NETT TOTAL | VAT TOTAL | TOTAL |
|---|---|---|---|

**BANKING DETAILS**

ACCOUNT NAME : CONSANI ENGINEERING (PTY) LTD
STANDARD BANK
PAROW

BRANCH CODE : 03-11-10-44
ACCOUNT No. : 07 2734609
CURRENT CODE : 0B7A 7A 11

Exhibit E

 # Consani



**A Murray & Roberts company**

Reg.No. 1973/010931/07
Vat Reg No. 4680101795
Consani Road,
Elsies River, 7490
PO Box 1,
Elsies River, 7480

## Invoice

Tel:    +27 21 590-3400
Fax:    +27 21 591 5278
E-mail: info@consani.co.za
Web: www.consani.co.za

To: EXSIF WW
    100 MANHATTANVILLE ROAD
    PURCHASE, NY 10577-2135
    USA

**SHIPPING ADDRESS:**
EXSIF WW
9 PLACE HOCHE
F 78000 VERSAILLES
FRANCE

| | |
|---|---|
| Page No. | 1 |
| Account Number | EXS003 |
| Order Number | |
| Customer Vat No | |
| Invoice Number | 21 |
| Invoice Date | 25/10/04 |

Contact Person: JOEL CARBONNIER / ANNE JEUDY
Telephone Number:
Fax Number:

| Job Number | Serial Number | Stock Code | Description | Amount |
|---|---|---|---|---|
| | | | DESIGN CHANGE APPROVAL | |
| | | | | |
| | | | FOR THE DESIGN APPRAISAL FOR THE CHANGE IN | |
| | | | DESIGN CONDITIONS OF THE BELOW MENTIONED | |
| | | | TANKS @ USD 1,529.00 | |
| | | | | |
| | | | SERAIL NUMBERS: | |
| | | | TRLU 143001   AND TRLU 143003 | |
| | | | | 1,529.00 |

| | | | |
|---|---|---|---|
| Total Amount Exclus. | | | 1,529.00 |
| Vat Amount | | | 0.00 |
| Total Amount Due | US Dollars | | 1,529.00 |

**PLEASE NOTE THAT OUR BANK DETAILS HAVE CHANGED.**
**Payment Instructions:**

Please use the above mentioned invoice number for reference on the bank transfer. Kindly advise Consani Engineering (Pty) Ltd (Fax no: +27 21 5912825 Att: Nita Johnson) when transfer has been made. Please make payment as per bank details below.

**BANK DETAILS:**
Standard Bank, Parow Branch, Cape Town, South Africa
Account Number: 07 273 480.9
Branch Code: 03-11-10-44
Swift Code: SBZA ZA JJ

 # Consani



A Murray & Roberts company

Reg.No. 1973/010931/07
Vat Reg No. 4060101795
Consani Road,
Elsies River, 7490
PO Box 1,
Elsies River, 7480

## Invoice

Tel:   +27 21 590 3400
Fax:   +27 21 591 6278
E-mail: Info@consani.co.za
Web: www.consani.co.za

To: EXSIF WW
    100 MANHATTANVILLE ROAD
    PURCHASE, NY 10577-2135
    USA

Contact Person: WARICK SPENCER
Telephone Number:
Fax Number:

| Page No. | 1 |
| Account Number: | EXS003 |
| Vat Reg Number: | 4608693600 |
| Customer Vat No: | |
| Invoice Number: | 56 |
| Invoice Date: | 02/11/04 |

| Job Number | Serial Number | Stock Code | Qty | Description | Amount |
|---|---|---|---|---|---|
| | | 1180 | 20 | YELLOW PHOSPHORUS MANHOLES | 9,420.00 |

| | | |
|---|---|---|
| Total Amount Excl Vat | | 9,420.00 |
| Vat Amount | | 0.00 |
| Total Amount Due | US Dollars | 9,420.00 |

**PLEASE NOTE THAT OUR BANK DETAILS HAVE CHANGED.**
**Payment Instructions:**

Please use the above mentioned invoice number for reference on the bank transfer. Kindly advise Consani Engineering (Pty) Ltd
(Fax no: +27 21 5912925 Att: Nita Johnson) when transfer has been made.  Please make payment as per bank details below.

**BANK DETAILS:**
Standard Bank, Parow Branch, Cape Town, South Africa
Account Number: 07 273 480 9
Branch Code: 03-11-10-44
Swift Code: SBZA ZA JJ

$7,180.?.

e.mail 2/11
DHL 3/11

 **Consani** 

A Murray & Roberts company

Reg.No. 1973/010031/07
Vat Reg No. 4050101795
Consani Road,
Elsies River, 7490
PO Box 1,
Elsies River, 7480

**INVOICE**

Tel: +27 21 590 3400
Fax: +27 21 591 5278
E-mail: info@consani.co.za
Web: www.consani.co.za

To: EXSIF WW
100 MANHATTANVILLE ROAD
PURCHASE, NY 10577-2135
USA

Contact Person: MARIA CORREIA/ROBERT SCOTT
Telephone Number:
Fax Number:

| | |
|---|---|
| Page No. | 1 |
| Account Number | EXS003 |
| Cust PO number | INTEREST |
| Customer Vat No. | |
| Invoice Number | 146 |
| Invoice Date | 15/12/04 |

| Job number | Serial Number | Stock code | Qty | Description | Amount |
|---|---|---|---|---|---|
| | | | 1 | INTEREST AS PER ATTACHED | 9,203.88 |

| | | | |
|---|---|---|---|
| Total Amount Excl Vat | | | 9,203.88 |
| Vat Amount | | | 0.00 |
| Total Amount Due | US Dollars | | 9,203.88 |

**PLEASE NOTE THAT OUR BANK DETAILS HAVE CHANGED.**
**Payment Instructions:**

Please use the above mentioned invoice number for reference on the bank transfer. Kindly advise Consani Engineering (Pty) Ltd
(Fax no: +27 21 5912826 Att: Nita Johnson) when transfer has been made. Please make payment as per bank details below.

**BANK DETAILS:**
Standard Bank, Parow Branch, Cape Town, South Africa
Account Number: 07 273 480 9
Branch Code: 03-11-10-44
Swift Code: SBZA ZA JJ

Exhibit F

# Consani (in liquidation)

Reg.No. 1973/010931/07
Vat Reg No. 4080101795
Consani Road,
Elsies River, 7490
PO Box 1,
Elsies River, 7480

## STATEMENT

Tel:  +27 21 590 3487
Fax:  +27 21 592 2154

Web: www.consani.co.za

To: EXSIF VWW
100 MANHATTANVILLE ROAD
PURCHASE NY 10577-2135
USA

Contact Person :Maria Correia/Robert Scott
Telephone Number :

| | |
|---|---|
| Page No. | : 1 |
| Account Number | : EXS003 |
| Currency | : USD |
| Statement Date | : 18.05.05 |

| Date | Trans Type | Ref No. | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|
| 25/10/04 | Invoice | 000021 | | 1,529.00 | | 1,529.00 |
| 02/11/04 | Invoice | 000056 | 4508693600 | 9,420.00 | | 9,420.00 |
| 15/12/04 | Invoice | 000146 | INTEREST | 9,203.88 | | 9,203.88 |
| 23/12/03 | Invoice | 322393 | | 24,675.00 | | 24,675.00 |
| 29/10/03 | Credit | 322431 | | | 1,980.00- | 1,980.00- |
| 10/03/05 | Invoice | 322531 | | 67,435.00 | | 67,435.00 |
| 17/03/05 | Invoice | 322550 | | 2,809.80 | | 2,809.60 |
| 31/03/04 | Invoice | 322562 | | 53,196.00 | | 53,196.00 |
| 31/03/04 | Invoice | 322563 | | 22,320.00 | | 22,320.00 |
| 08/04/04 | Invoice | 322578 | | 23,938.20 | | 23,938.20 |
| 22/04/05 | Invoice | 322594 | | 265,980.00 | | 265,980.00 |
| 22/04/05 | Invoice | 322595 | | 22,320.00 | | 22,320.00 |
| 07/05/05 | Invoice | 322614 | | 239,382.00 | | 239,382.00 |
| 12/05/05 | Invoice | 322632 | | 11,160.00 | | 11,160.00 |
| 21/05/05 | Invoice | 322642 | | 505,362.00 | | 505,362.00 |
| 28/05/04 | Invoice | 322663 | | 41,866.00 | | 41,866.00 |
| 03/06/05 | Invoice | 322682 | | 22,836.00 | | 22,836.00 |
| 03/06/04 | Invoice | 322683 | | 186,186.00 | | 186,186.00 |
| 07/06/04 | Invoice | 32688 | | 20,933.00 | | 20,933.00 |
| 23/06/05 | Invoice | 322703 | | 9,515.00 | | 9,515.00 |
| 25/06/05 | Invoice | 322720 | | 28,545.00 | | 28,545.00 |
| 15/07/04 | Invoice | 322727 | | 2,659.80 | | 2,659.80 |
| 31/01/05 | Payment | | | | 79,794.00- | 79,794.00- |

PLEASE NOTE THAT OUR BANK DETAILS HAVE CHANGED.
Payment Instructions:

Please use the above mentioned invoice number for reference on the bank transfer.
Kindly advise Nita Johnson at Consani Engineering (Pty) Ltd (in liquidation) via fax no: +27 21 592 2154 when transfer has been made.  Please
see bank details below.

BANK DETAILS:
Account Name:  Consani Engineering (in Liquidation)
Standard Bank, Parktown Branch, Johannesburg, South Africa
Account Number: 4019 375 26 / Branch Code: 00-03-55

| Days 120 + | Days 90 | Days 60 | Days 30 | Current | Total Owing |
|------------|---------|---------|---------|---------|-------------|
| | Overdue Please Settle | | | | 1,489,497.88 |