UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NORMAN KLEIN, THOMAS GEORGE NELL,
TSIU VINCENT MATSEPE, JAYANT DAJI PEMA,
JEFFREY SIPHIWE HLATSHWAYO, DIMAKATSO : 07 Civ. 10485 (SCR)
ARNOLD MICHAEL MOHASOA, AND ZEENATH
KAJEE, as Liquidators of CONSANI ENGINEERING
(PROPRIETARY) LTD. in Liquidation,
: REPLY TO
        Plaintiffs, COUNTERCLAIMS

        -against-

EXSIF WORLDWIDE, INC.,

        Defendant.
----------------------------------------------------------------x

    Plaintiffs, the Liquidators of Consani Engineering (Proprietary) Ltd. in Liquidation, by their attorneys, Duane Morris LLP, for their reply to the counterclaims of defendant Exsif Worldwide, Inc. ("Exsif"), admit, deny, and aver as follows:

### AS TO THE FIRST COUNTERCLAIM

    1.    Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the counterclaims.

    2.    Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the counterclaims.

    3.    Admit the truth of the allegations of paragraph 45 of the counterclaims.

    4.    Aver that paragraph 46 of the counterclaims purports to state a legal conclusion to which no response is required, except admit that the Agreement contains the language quoted in the second sentence of paragraph 46 and refer to the Agreement for a true and complete statement of its contents.

DM1\1299765.1

5. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the counterclaims concerning the date on which Consani and Transamerica Leasing, Inc. ("TAL") entered into a Master Purchase Order Agreement (the "Agreement"), but admit that Consani entered into the Agreement with TAL.

6. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the counterclaims, except admit that Exsif represented itself to be TAL's successor under the Agreement.

7. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the counterclaims, except admit that Exhibits A and B to the counterclaims are, respectively, a purchase order and specifications, and refer to the purchase order and counterclaim for a true and complete statement of their contents.

8. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the counterclaims.

9. Deny the allegations of paragraph 51 of the counterclaims, except refer to the Agreement for a true and complete statement of its contents.

10. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the counterclaims.

11. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 53 of the counterclaims, and deny the allegations of the following two sentences of paragraph 53 of the counterclaims.

12. Deny the allegations of paragraph 54 of the counterclaims and refer to the document annexed as Exhibit C thereto, labeled "Draft," for a true and complete statement of its contents.

13. Deny the allegations of the first and second sentences of paragraph 55 of the counterclaims and aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of paragraph 55 of the counterclaims.

14. Deny the allegations of the first sentence of paragraph 56 of the counterclaims and aver that they lack knowledge or information sufficient to form a belief as to the truth of the second and third sentences of paragraph 56 of the counterclaims.

15. Deny the allegations of paragraph 57 of the counterclaims.

## AS TO THE SECOND COUNTERCLAIM

16. With respect to paragraph 58 of the counterclaims, plaintiffs repeat and reallege their responses to paragraphs 42 through 56 of the counterclaims.

17. Deny the allegations of paragraph 59 of the counterclaims.

18. Admit that the language quoted in paragraph 60 of the counterclaims appear in Paragraph 14 of the Agreement and refer to Paragraph 14 of the Agreement for a true and complete statement of its contents.

19. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the counterclaims.

20. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the counterclaims.

21. Deny the allegations of paragraph 63 of the counterclaims.

22. Deny the allegations of paragraph 64 of the counterclaims.

## FIRST AFFIRMATIVE DEFENSE

23. After Consani was placed in liquidation and Plaintiffs were appointed as Consani's liquidators by the High Court of South Africa, the Master of the High Court of

South Africa fixed December 31, 2007 as the date by which creditors of Consani were to prove their claims or otherwise be excluded from the benefit of any distribution under any account lodged with the Master.

24. Exsif was given notice of the December 31, 2007 deadline referred to in paragraph 23 above.

25. Exsif failed to file or prove any claims against Consani by December 31, 2007.

26. Based on Exsif's failure to file or prove any claims against Consani by December 31, 2007, Exsif is barred under Section 366(2) of the Companies Act 1973, as Amended, of South Africa, from asserting any claims against Consani, and is excluded from the benefit of any distribution under any account lodged with the Master of the High Court of South Africa.

27. By reason of the foregoing, Exsif is barred from asserting its counterclaims.

### SECOND AFFIRMATIVE DEFENSE

28. Exsif's counterclaims are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

29. Exsif's counterclaims fail to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

30. Exsif's counterclaims are barred by Exsif's failure to comply with conditions precedent.

WHEREFORE, Plaintiffs demand judgment dismissing Exsif's counterclaims and awarding them the costs and disbursements of this action, together with reasonable attorneys' fees, and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
March 11, 2008

                                            DUANE MORRIS LLP

                                            By: *Fran M Jacobs*
                                                  Fran M. Jacobs (FJ-0892)
                                          1540 Broadway
                                          New York, NY 10036-4086
                                          (212) 692-1000
                                          fmjacobs@duanemorris.com
                                          Attorneys for Plaintiff

TO:    FULBRIGHT & JAWORSKI
         666 Fifth Avenue
         New York, NY 10103
         (212) 318-3000
         Attorneys for Defendant

DM1\1299765.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
NORMAN KLEIN, THOMAS GEORGE NELL,
TSIU VINCENT MATSEPE, JAYANT DAJI PEMA,
JEFFREY SIPHIWE HLATSHWAYO, DIMAKATSO  :  07 Civ. 10485 (SCR)
ARNOLD MICHAEL MOHASOA, AND ZEENATH
KAJEE, as Liquidators of CONSANI ENGINEERING
(PROPRIETARY) LTD. in Liquidation,

                    Plaintiffs,                  AFFIDAVIT
                                                                OF SERVICE

     -against-

EXSIF WORLDWIDE, INC.,

                    Defendant.
-------------------------------------------------------------------x

STATE OF NEW YORK   )
                             : ss.:
COUNTY OF NEW YORK )

       Nancy Menna, being duly sworn, deposes and says:

       1.     I am employed by the firm of Duane Morris LLP, attorneys for Plaintiffs, the Liquidators of Consani Engineering (Proprietary) Ltd. in Liquidation in this action.

       2.     I am over 18 years of age and am not a party to this action.

       3.     On March 11, 2008, I served a Reply to Counterclaims on counsel for the other party herein by depositing in the official depository maintained and exclusively controlled by the United States Government at 340 West 42nd Street, New York, NY 10036-9998, a true and correct copy of the same, properly enclosed in a postpaid wrapper addressed to them at the following addresses designated by them for that purpose:

FULBRIGHT & JAWORSKI
666 Fifth Avenue
New York, NY 10103
(212) 318-3000
Attorneys for Defendant

_____
Nancy Menna

Sworn to before me this
11th day of March 2008

_____
Notary Public

JASMINE DIAZ
Notary Public - State of New York
NO. 01DI6123840
Qualified in Rockland County
My Commission Expires 3/14/09